

FILED & ENTERED

JAN 13 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Hawkeye Entertainment, LLC<br><br>Debtor(s).<br>_____<br>Hawkeye Entertainment, LLC, WERM Investments LLC<br><br>    Plaintiff(s),<br>    v.<br><br>Michael Chang, Smart Capital Investments I, LLC, Smart Capital Investments II, LLC, Smart Capital Investments III, LLC, Smart Capital Investments IV, LLC, and Smart Capital Investments V LLC, Top Properties Corporation<br><br>    Defendant(s). | CHAPTER 11<br><br>Case No.: 1:19-bk-12102-MT<br>Adv No:   1:21-ap-01064-MT<br><br>**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>Date:  January 12, 2022<br>Time:    10:30am<br>Courtroom:   302 (Via ZoomGov) |

-1-

On July 17, 2009, Hawkeye Entertainment, LLC ("Hawkeye") entered into a lease agreement ("Lease") with Pax America Development, LLC. Pursuant to the terms of the Lease, Hawkeye was entitled to use the first four floors and the basement of a building located at 618 South Spring Street, Los Angeles, California, more commonly referred to as the Pacific Stock Exchange Building (the "Property").  Hawkeye and WERM Investments, ("WERM") (collectively "Plaintiffs") entered into a sublease agreement. The Property is now owned by Smart Capital, LLC ("Smart Capital"), and there have been ongoing disputes between Smart Capital and Hawkeye for years. These disputes directly caused Hawkeye to file bankruptcy under chapter 11 of the Bankruptcy Code on August 21, 2019 (Case No. 1:19-bk-12102-MT). After a contentious bankruptcy case, which included five-day trial on a lease assumption motion ("Assumption Motion"), the Reorganized Debtor confirmed a plan.

The disputes between Hawkeye and Smart Capital continued. On September 20, 2021, the Plaintiffs filed an adversary complaint against Michael Chang (the owner of Smart Capital) and Smart Capital (collectively "Defendants") for: 1) preliminary injunctive relief; 2) temporary restraining order; 3) breach of contract; 4) breach of implied covenant of good faith and fair dealing; 5) breach of implied covenant of quiet enjoyment; 6) negligent interference with prospective economic advantage; 7) intentional interference with prospective economic advantage; and 8) intentional interference with contractual relations. The Plaintiff's also filed an emergency motion for a temporary restraining order and for issuance of an order to show cause why a preliminary injunction should not be issued. Docket No. 2. The Court denied the Plaintiffs' emergency motion. Docket

No. 13.

Defendants filed a motion to dismiss the Complaint which was granted over the Plaintiffs' opposition. The case was dismissed for a lack of subject matter jurisdiction and without prejudice to refile the complaint in another court. See Docket No. 30. The Defendants now move for an award of attorney's fees and costs; the Plaintiffs oppose.

*Standard:*

The general rule is that the prevailing party is not entitled to collect attorney's fees from the losing party. Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 448 (2007). This default rule can be overcome by an applicable statute or enforceable contract. Id. The California Legislature codified the American Rule when it enacted California Code of Civil Procedure section §1021, which states in pertinent part:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided.

CCP § 1021; Trope v. Katz, 11 Cal. 4th 274, 278-79 (1995).

CCP § 1021 must be read in conjunction with Cal. Code Civ. P. §§ 1032 and 1033(5):

> (a) As used in this section, unless the context clearly requires otherwise: . . . (4) "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its

>discretion, may allow costs or not. . . . (b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.
>
>(b)

CCP 1032(a) and (b); *see also* Hamilton v. Charalambous (In re Charlambous), 2013 Bankr. LEXIS 4655, *17-18 (B.A.P. 9th 2013). CCP 1033.5(a)(10)(A) provides:

>(a) The following items are allowable as costs under Section 1032: . . . (10) Attorney fees, when authorized by any of the following: . . . (A) Contract.

Collectively, by their terms, CCP § 1021, and Cal. Code Civ. P. §§ 1032 and 1033 make clear that attorney's fees may be sought by a prevailing party in disputes sounding in either tort or contract. Charalambous at *18. If there is an attorney's fees provision in an agreement between the parties, courts look to the language of the agreement to determine whether an award of attorney's fees is warranted. *See* 3250 Wilshire Boulevard Bldg. v. W.R. Grace & Co., 990 F. 2d 487, 489 (9th Cir. 1993); Klaus v. Thompson (In re Klaus), 181 B.R. 487, 500 (Bankr. C.D. Cal. 1995). The Ninth Circuit has held that "[d]ismissal of a complaint for lack of subject matter jurisdiction does not deprive the court of jurisdiction to hear a request for fees under state law." First & Beck, a Nevada LLC v. Bank of the Southwest, 267 Fed. Appx. 499, 502 (9th Cir. 2007), *citing* Kona Enterprises, Inc. v. Bishop, 229 F.3d 877, 887 (9th Cir. 2000)

Section 22.11(q) of the Lease provides:

>In the event that … either Landlord or Tenant shall institute any action or proceeding against the other relating to the provisions of this Lease or any default hereunder, the party not prevailing in such action or proceeding shall reimburse the

> prevailing party for its actual attorney's fees, and all fees, costs and expenses incurred in connection with such action or proceeding, including without limitation, any judgment fees, costs or expenses incurred on any appeal or in the collection of any judgment.

Parties do not dispute that the Lease allows the prevailing party to collect attorney's fees and costs from the other party. The parties dispute whether the dismissal of this case without prejudice for lack of subject matter jurisdiction makes the Defendants the prevailing party.

Section 22.11(q) of the Lease provides "the party not prevailing … shall reimburse the prevailing party…" Nothing in the Lease defines what a prevailing party is, so the term will be given its plain meaning and the meaning used under California law. Here, the Defendants were successful in having the case dismissed. The Defendants obtained all the relief they initially sought, having the case dismissed, and the Plaintiffs obtained none of the relief they sought. Even though the grounds for dismissal were based on lack of subject matter jurisdiction and the dismissal was without prejudice, the fact remains the Defendant prevailed over the Plaintiffs in this action in front of this Court. This case was not transferred to another venue or remanded back to state court, which would likely be considered a more strategic posturing not warranting designating a prevailing party, however, this case was outright dismissed – even if it was dismissed without prejudice. It was assumed that the Plaintiffs will file another complaint in another court. The fact that the Plaintiffs could go on to file another complaint in a different court and end up prevailing there does not change the fact that the Defendants prevailed over the Plaintiffs in this case before this Court.

CCP § 1032 (a)(4) supports the Defendants being deemed the prevailing party. CCP § 1032 (a)(4) defines prevailing party to include "a defendant in whose favor a dismissal is entered…" The California Supreme Court has held that a trial court that dismissed a case for lack of subject matter jurisdiction has the power to award costs to the defendant under CCP § 1032. Barry v. State Bar of California, 2 Cal. 5th 318, 326 (2017) (*citing* Brown v. Desert Christian Center, 193 Cal. App. 4th 733 (2011). As enumerated in Barry, "[a] court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decided that question in the first instance." Barry at 326 (*citing* Rescue Army v. Municipal Court, 28 Cal. 2d 460, 464 (1946). As the found in Brown, trial courts necessarily have jurisdiction to determine the scope of their own jurisdiction and may award costs as incidental to the jurisdictional determination. Brown at 740-41.

Based on the plain language of CCP § 1032 and the California Supreme Court's ruling in Barry, the Defendants are the prevailing party here and are entitled to fees and costs associated with Plaintiffs filing this complaint. The Plaintiffs cite to authority that relates to CCC § 1717 and the Federal Rules of Civil Procedure, none of which is relevant here because the Defendants are not seeking fees pursuant to these sections.

*Reasonableness of Fees*

After a court decides that a contract provides attorneys' fees for a prevailing party, the court must determine the reasonableness of the requested fees. If the contract does not specify a particular sum, "it is within

the trial court's discretion to determine what constitutes reasonable attorneys' fees." Niederer v. Ferreira, 189 Cal. App. 3d 1485, 1507, 234 Cal. Rptr. 779 (1987) (citations omitted). In California, this inquiry "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Group v. Drexler, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198, 997 P.2d 511 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." Id. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id. (*citing* Serrano v. Priest, 20 Cal. 3d 25, 49, 141 Cal. Rptr. 315, 569 P.2d 1303 (1977) (in bank)). . . . "When apprised of the pertinent facts, the trial court may rely on its own experience and knowledge in determining the reasonable value of the attorney's services." Id.

Here, the Defendants seek $79,021 in attorney fees from the Plaintiffs. The Plaintiffs opposition does not address whether such fees are reasonable, so the Court will perform its own analysis. The hourly rates of the three attorneys working on this matter is reasonable. These attorneys are highly skilled and possess a vast wealth of experience. There is no need to adjust the hourly rate of any of the three attorneys. Initially the $79,021 amount in attorney's fees seems high considering this case consisted of an emergency motion for a TRO, a motion to dismiss, and a motion for an attorney's fee award; however, when all things are considered this figure appears to be more reasonable. There is a long and complicated history between the parties – most notably the parties involvement in the Hawkeye's most recent bankruptcy case. The actions

that formed the basis of this complaint are related to the parties' relationship and actions that were also at issue in the Assumption Motion. Based on the numerous allegations in the complaint and the complex history between the parties, the investigation required by Defendants' counsel to prevail on the TRO was much higher than a typical case. Additionally, the Plaintiffs' counsel is equally skilled and experienced as the Defendants' counsel and the legal questions were more complex than a normal motion to dismiss. Having reviewed Defendants counsel's time sheet (Exhibit 11 to Defendants' motion), there is nothing that suggests duplicate or unnecessary work was performed, inflation or stacking of hours, or any fees incurred that were not related to this case. When these are all taken into account, the amount of work performed is reasonable. Fees and costs of $79,021 will be permitted.

*Joint and Several Liability*

If a plaintiff sues a nonsignatory on a contract as if the nonsignatory were a contracting party, he becomes liable for fees under CCC section 1717(a) if the nonsignatory prevails. Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443 (Ct. App. 2005), Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124 (1979), and Burkhalter Kessler Clement & George LLP v. Hamilton, 19 Cal. App. 5th 38, 228 (Ct. App. 2018) "Neither CCCP section 1021 nor CCCP section 1032 provides that a nonsignatory to a contract can recover attorneys' fees. Nevertheless, we agree with the bankruptcy court's conclusion that nonsignatories may recover attorneys' fees under CCCP sections 1021 and 1032 just as they can under CCC section 1717." Asphalt Prof'ls, Inc. v. Davis (In re Davis), 2019 Bankr. LEXIS 2044, at *19 (B.A.P. 9th Cir. 2019). CCC § 1717 allows a nonsignatory defendant to recover

attorney's fees if: (1) it was sued on a contract as if a party; and (2) the plaintiff would clearly be entitled to attorney's fees if plaintiff prevailed. *See* MBN Real Estate Invs., LLC v. JL AM Plus, LLC (In re Javedanfar), 2020 Bankr. LEXIS 1820, *3 (B.A.P. 9th Cir. 2020).

The Defendants seek an order holding both Plaintiffs, Hawkeye and WERM, jointly and severally liable for the award for attorney's fees and costs. "[I]n cases involving nonsignatories to a contract with an attorney fee provision, the following rule may be distilled from the applicable cases: A party is entitled to recover its attorney fees pursuant to a contractual provision only when the party would have been liable for the fees of the opposing party if the opposing party had prevailed." Dell at 451 (*quoting* Real Property Services Corp. v. City of Pasadena, 25 Cal.App.4th 375, 382 (Ct. App. 1994). That is, Defendants are entitled to recover their attorney fees only if they would have been liable for WERM's attorney fees if WERM had prevailed. WERM subleases the Property from Hawkeye. The principal owners of Hawkeye and WERM have used corporate entities to mitigate risk. Hawkeye's only asset is the Lease and WERM obtains the benefits of operating and using the Property. It is understood from all parties that WERM is the true beneficiary of the Lease. The lines between these corporate entities are frequently blurred – Hawkeye's bankruptcy case was predominantly used to protect WERM's interests in the Property. The lines have become so blurred between WERM and Hawkeye that WERM has sought to obtain a remedy allowed under the Lease. In the complaint both entities sought an award of attorney's fees even though WERM is not a party to the Lease. Considering WERM is the party that directly benefits from the Lease (even though it is not a party thereto) and WERM is seeking

remedies provided for under the Lease, it is likely that WERM would be entitled to fees if it prevailed, therefore WERM can be considered a nonsignatory to the Lease. Accordingly, Defendants' request to hold WERM joint and severally liable is granted.

The motion for attorney's fees is GRANTED.

###

Date: January 13, 2022

Maureen A. Tighe
United States Bankruptcy Judge